# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**Richard Dumas, Jr.**

    **Plaintiff,**

**v.**                                                                                                                **Case No. 12-1405-JWL**

**Carolyn W. Colvin,[1]**
**Acting Commissioner of Social Security,**

    **Defendant.**

## MEMORANDUM & ORDER

Plaintiff Richard Dumas, Jr. brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the decision of defendant, the Commissioner of Social Security, to deny his applications for social security disability insurance benefits under Title II of the Social Security Act and supplemental security income benefits under Title XVI of the Act. According to plaintiff, defendant erred by concluding that plaintiff could perform his past relevant work without first determining the actual physical and mental demands of plaintiff's past relevant work. As explained in more detail below, the court rejects plaintiff's argument and affirms defendant's decision.

## I. Procedural Background

---

[1] On February 14, 2013, Ms. Colvin became Acting Commissioner of Social Security and the court thus substitutes Ms. Colvin for Commissioner Michael J. Astrue as the defendant. *See* Fed. R. Civ. P. 25(d)(1).

On May 1, 2009, plaintiff filed applications for disability insurance benefits and supplemental security income benefits, alleging disability beginning in November 2007 due to depression, anger problems, a back injury and migraine headaches. Beginning in July 2009, plaintiff also alleged disability due to a dislocated hip, liver and kidney failure due to hepatitis C and a scalp injury. The applications were denied both initially and upon reconsideration. At plaintiff's request, an administrative law judge ("ALJ") held a hearing on April 11, 2011, at which both plaintiff and his counsel were present via video.[2] On May 16, 2011, the ALJ rendered a decision in which he determined that plaintiff was not under a "disability" as defined by the Social Security Act from November 1, 2007 through the date of the decision.[3] Consequently, the ALJ denied all benefits to plaintiff. After the ALJ's unfavorable decision, plaintiff requested review by the Appeals Council. The Appeals Council denied plaintiff's request for review on August 27 2012, rendering the ALJ's decision the final decision of defendant.

## II.    Standard of Review

Judicial review under 42 U.S.C. § 405(g) is limited to whether defendant's decision is supported by substantial evidence in the record as a whole and whether defendant applied the correct legal standards. *See Wells v. Colvin*, 727 F.3d 1061, 1067 (10th Cir. 2013) (citing *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010)). The Tenth Circuit has defined

---

[2] Plaintiff and his counsel appeared in Kansas City, Missouri and the ALJ presided over the hearing from Albuquerque, New Mexico.

[3] Plaintiff met the insured status requirements of the Social Security Act through March 31, 2011.

"substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (quoting *Wilson*, 602 F.3d at 1140). In the course of its review, the court may not reweigh the evidence or substitute its judgment for that of defendant. *Cowan v. Astrue*, 552 F.3d 1182, 1185 (10th Cir. 2008).

**III.     Relevant Framework for Analyzing Claim of Disability and the ALJ's Findings**

A "disability" for purposes of the Social Security Act requires both the "inability to engage in any substantial gainful activity" and "a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *Bussell v. Astrue*, 463 Fed. Appx. 779, 781 (10th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)). The Social Security Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Wilson*, 602 F.3d at 1140 (quoting *Barnhart v. Thomas*, 540 U.S. 20, 21-22 (2003) (quoting 42 U.S.C. § 423(d)(2)(A), 1382c(a)(3)(B))).

The Social Security Administration has established a five-step sequential evaluation process for determining whether a claimant is disabled, *see id*. at 1139, and the ALJ in this case followed the five-step process. If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary. *Id.* Step one requires the claimant to show that he or she is not presently engaged in substantial gainful

3

activity. *Id*. Here, the ALJ determined that plaintiff was not engaged in substantial gainful activity and, thus, properly proceeded to the second step. The second step of the evaluation process involves a determination of whether "the claimant has a medically severe impairment or combination of impairments" that significantly limits his or her ability to perform basic work activities. *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citing 20 C.F.R. § 404.1521). The ALJ in this case concluded that plaintiff had several severe impairments for purposes of the regulations, including depressive disorder; alcohol abuse/dependence in remission; cocaine and marijuana abuse "in alleged remission;" borderline intellectual functioning; lumbar and right hip arthralgia; cephalgias; and Hepatitis C with liver fibrosis. Thus, the ALJ proceeded to step three.

In step three, the ALJ determines whether the impairment "is equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity." *Best-Willie v. Colvin*, 514 Fed. Appx. 728, 733 (10th Cir. 2013). "If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits." *Id*. If not, the evaluation proceeds to the fourth step, where the claimant must show that the "impairment or combination of impairments prevents him from performing his [or her] past work." *Wilson*, 602 F.3d at 1139 (quoting *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007)). With respect to the third step of the process in this case, the ALJ determined that plaintiff's impairments were not listed or medically equivalent to those listed in the relevant regulations.

At the fourth step, the ALJ determined that plaintiff retained the residual functional capacity (RFC) for light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except

that he was limited to occasional climbing of ramps and stairs and could not climb ladders, ropes or scaffolds. The ALJ further concluded that plaintiff was limited to occasional balancing, stooping, crouching, kneeling, and crawling; had to avoid work with concentrated exposure to pulmonary irritants, hazardous conditions, unprotected heights and hazardous machinery; was limited to tasks that could be learned in 30 days or less involving no more than simple work-related decisions with few work place changes and no more than occasional interaction with the public, coworkers or supervisors. Based on evidence adduced at the hearing from a vocational expert (VE), the ALJ concluded that plaintiff, with those limitations, could perform his past relevant work "as actually and generally performed" and that, accordingly, he was not disabled under the Social Security Act.

**IV. Analysis of Plaintiff's Specific Argument**

In his motion, plaintiff contends only that defendant erred by concluding that plaintiff could perform his past relevant work without first determining the actual physical and mental demands of plaintiff's past relevant work as he performed it. *See Winfrey v. Chater*, 92 F.3d 1017, 1024-25 (10th Cir. 1996) (ALJ must make findings about physical and mental demands of claimant's past relevant work). Specifically, plaintiff complains that the ALJ made no findings about the mental aspects of plaintiff's job—particularly the amount of interaction that plaintiff had with his co-workers on the assembly line. Plaintiff suggests that his work actually required more than occasional interaction with others (but points to no evidence supporting this suggestion) such that he could not return to his job with the RFC assigned to him by the ALJ but

5

that the ALJ never made any findings about the amount of time that plaintiff actually spent interacting with co-workers on the line.

The court rejects this argument. Relying on the Dictionary of Occupational Titles, the ALJ asked plaintiff's counsel during the hearing whether the "bottling line attendant" job, DOT 920.687-042, was an accurate assessment of plaintiff's past relevant work. Plaintiff's counsel stipulated that DOT 920.687-042 accurately reflected plaintiff's job. In light of this stipulation, the ALJ was not required to make specific findings concerning the physical and mental demands of plaintiff's past relevant work as actually performed. Rather, the ALJ properly noted in her decision that plaintiff's counsel had stipulated that the line attendant position as described in the DOT accurately represented plaintiff's past work. *See Cochran v. Astrue*, 2013 WL 550488, at *2 (W.D. Mo. Feb. 13, 2013) (ALJ properly determined demands of plaintiff's past relevant work where ALJ referred to DOT in decision and attorney stipulated that job as described in DOT was an accurate reflection of plaintiff's past relevant work); *Pierce v. Astrue*, 2008 WL 4373036, at *12-13 (E.D. La. Sept. 22, 2008) (same).

DOT 920.687-042 describes in detail the mental demands of the bottling line attendant position (including an indication that interaction with people is "not significant"[4]) and plaintiff's stipulation that the description accurately reflected his work as a bottling line attendant forecloses an argument that the ALJ failed to make findings regarding the demands of the line

---

[4] The DOT gives the line attendant position a "people" rating of 8, which means that it requires "taking instructions-helping" by "attending to the work assignment instructions or order of supervisor" with "no immediate response required unless clarification of instructions or orders is needed." *See* DOT, Appendix B, 1991 WL 688701.

6

attendant position.[5] Plaintiff does not challenge the ALJ's finding that plaintiff was limited to occasional interaction with people and he points to no evidence that his job required more than occasional interaction with people. Moreover, the court fails to see any conflict (and plaintiff points to none) between the DOT description of the line attendant position and plaintiff's restriction to occasional interaction with the public, co-workers or supervisors. Stated another way, there is no evidence before the court that the line attendant position exceeded plaintiff's limitations in any respect. Plaintiff, then, has not demonstrated any error in connection with the ALJ's findings concerning the physical and mental demands of the line attendant position as performed by plaintiff.

In any event, even assuming the ALJ erred in failing to make specific findings concerning the demands of plaintiff's past relevant work as actually performed, any error is harmless in light of the ALJ's conclusion that plaintiff could return to his job as a bottling line attendant as that job is generally performed in the national economy—a conclusion that plaintiff does not challenge (and, in fact, could not challenge in light of the stipulation that the DOT description accurately described the position). The ALJ based her conclusion that plaintiff could perform the position as generally performed in the national economy on the VE's response to a hypothetical question involving an individual with an RFC matching plaintiff's RFC. Plaintiff does not challenge the RFC; the VE's qualifications; or otherwise challenge the expert's testimony on this issue or the ALJ's interpretation of that testimony. Thus, because plaintiff

---

[5] The stipulation made by plaintiff's counsel distinguishes this case from those relied upon by plaintiff. *See Frantz v. Astrue,* 509 F.3d 1299, 1303-04 (10th Cir. 2007) (reversing and remanding where ALJ did not make any findings or develop evidence regarding the physical and mental demands of plaintiff's past work either as she did it or as it is typically performed in the national economy); *Clardy v. Barnhart*, 2004 WL 737486, at *6 (D. Kan. Apr. 5, 2004) (same).

undisputedly could perform his past relevant work as it was performed in the national economy, any error concerning whether plaintiff could perform his past relevant work as he had actually performed it is irrelevant. *See Barker v. Astrue*, 459 Fed. Appx 732, 741-42 (10th Cir. 2012); *Chappell v. Chater*, 1996 WL 597796, at * (10th Cir. Oct. 18, 1996) (ALJ may elicit information about the demands of plaintiff's past work either as he actually performed it or as it is generally performed in the national economy); *Townsend v. Chater*, 1996 WL 366207, at *2 (10th Cir. July 1, 1996) (ALJ not required to determine whether claimant can return to past relevant work as actually performed by claimant; it is sufficient to find that claimant can return to past relevant work as generally performed).

In sum, having carefully reviewed the record in this case and having considered plaintiff's arguments in light of the record, the court concludes that substantial evidence supports defendant's decision to deny Mr. Dumas's application for disability benefits and supplemental security income benefits and that no deviation from established legal standards occurred.

**IT IS THEREFORE ORDERED BY THE COURT THAT** judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) affirming the Commissioner's final decision.

**IT IS SO ORDERED.**

Dated this 2nd day of December, 2013, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge